18506.   HESTER *v.* THE STATE.

The charge of the court that if the jury should determine that a confession was properly made, "the doctrine of circumstantial evidence would not apply," was error, because the evidence, outside the confession, as to the corpus delicti was wholly circumstantial.

DECIDED DECEMBER 14, 1927.

Larceny; from Laurens superior court—Judge Camp. September 14, 1927.

*W. A. Dampier,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

BROYLES, C. J. 1. The accused was tried on a felony charge and the jury returned a verdict of "guilty." While there was proof of a confession by the accused, the evidence, outside of the

Criminal Law, 16 C. J. p. 773, n. 34; p. 1008, n. 4.

confession, as to the corpus delicti was wholly circumstantial. The corpus delicti may be proved by circumstantial evidence, but "the circumstantial evidence should be so conclusive as to exclude every reasonable hypothesis other than that a crime has been committed." *Ray* v. *State, 4 Ga. App.* 67 (2), 70 (60 S. E. 816). Under that ruling and the facts of the instant case the court erred in instructing the jury as follows: "Should you determine in this case that a confession was properly made, then the doctrine of circumstantial evidence would not apply." Under the facts of the case the doctrine was applicable to the proof of the corpus delicti.

2. In the state of the record the other special assignments of error show no cause for a reversal of the judgment below.

3. As another trial of the case must be had, the sufficiency of the evidence to support the verdict is not passed upon. This court, however, feels called upon to say that the evidence tending to connect the accused with the offense charged, and especially the evidence as to his alleged confession, is extremely weak and unsatisfactory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*