SIDNEY A. TROBOUGH V. STATE OF NEBRASKA.

FILED NOVEMBER 14, 1929.  No. 26967.

*F. L. Carrico*, for plaintiff in error.

*C. A. Sorensen, Attorney General*, and *Homer L. Kyle*, *contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

EBERLY, J.

In a prosecution by the state, in the district court for Adams county, Sidney A. Trobough was convicted of murder in the second degree, and, as a penalty therefor, was sentenced to serve a term of 18 years in the penitentiary. His wife, Sarina Trobough, was the victim of the homicide. As plaintiff in error, the defendant presents for review the record of his conviction.

The first error assigned is the refusal of the court to permit the introduction of evidence in contradiction of the statements of the *voir dire* of, and overruling defendant's challenge for cause to, juror James Knudson. It appears from the record that, after the regular panel had been exhausted, the court ordered the sheriff to summon twelve men from the body of the county; the sheriff proceeded to summon the twelve men, two of these being excused for cause; a further order was made by the court to call additional talesmen. Examination and challenge having exhausted the talesmen so ordered by the court, a further and additional order was made by the district court directing the sheriff to bring in two more men from the body of the county. At this time the defendant had exhausted the last of his peremptory challenges. The juror James Knudson, who had been summoned as a talesman, was

then called by the clerk and examined by the county attorney, and upon such examination by the county attorney he in substance testified that he did not know Sidney A. Trobough, nor any of the members of his family, and that he had heard nothing about the case, only what he had read in the paper; that he had never talked to any one about the case, save and except members of his family; that he did not think he had any opinion as to the guilt or innocence of the defendant. Thereupon the defendant's attorney propounded the following interrogatories, to which the following answers were returned: "Q. Were you at the Brandes Hall some time since the happening of this affair in which you expressed yourself about this matter? A. I might have been there. Q. Do you recall at any time at a dance at the Brandes Hall that you talked about this matter? A. Well, I don't seem to remember that I did, but it may be that I did. Q. And you don't remember at that time of expressing an opinion about the guilt or the innocence of this defendant? A. No. Q. You have talked, though, to other persons outside of the members of your family about it haven't you? A. Well, I may possibly have, I don't recollect of it, though. Q. You don't recollect, of talking to anybody else, only the members of your family? A. I don't seem to. Q. Now, calling your attention to the time that you had this talk in the Brandes Hall, it was right after this trouble happened out here; do you recall now of talking to Mr. Kockrow up there about this matter and expressing yourself about it? A. I remember— I believe that was a night or so afterwards. Q. And you did express yourself at that time, didn't you? A. I don't remember that I did. Q. You had rather a heated argument, didn't you? A. No; I don't think that. I remember we talked about it now with Mr. Kockrow and somebody else. Q. And you at that time expressed your opinion about it, didn't you? A. I can't seem to think that I did. I don't remember it. Mr. Carrico: Well, that is true. I can't go any further. I want to challenge him for cause, and will introduce further evidence to show that he did talk and express his opinion. The Court: You can ask the

juror anything you want to. Mr. Carrico: I have asked all that I can ask him. I challenge the juror on that ground, and offer to introduce other evidence to show that he did form and express an opinion. Mr. Crow: We resist the challenge. The Court: Q. Have you any opinion at this time as to the guilt or innocence of the defendant? A. No. Q. Have you ever had? A. No; not that I know of. I don't think I do. Q. You feel at this time that you can enter upon the trial of this case and render a verdict as between the state and the defendant upon the evidence as given by the sworn testimony of the witnesses and the law as given you by the court, and lay everything else aside except that? A. Yes. Q. You think you can? A. I believe I could."

And thereafter the defendant, prior to the commencement of the trial and introduction of evidence, further objected to the juror James Knudson as follows:

"Mr. Carrico: Now the defendant further objects to James Knudson for the reason that said James Knudson has formed and expressed an opinion, and denied the same on his examination; and, further, that at the time the said James Knudson was called to qualify as a juror the defendant had already exhausted all of his peremptory challenges and that he had no opportunity then save and except the opportunity of showing by extrinsic evidence or other witnesses that the said James Knudson had so formed and expressed such opinion.

"This defendant offers to show that the said James Knudson not only expressed an opinion, but declared the defendant to be guilty, and that he would like to have an opportunity to so declare; that he expressed some desires of wanting to be on the jury for that purpose. And defendant offers to show all the said facts from other witnesses who were present at the time and heard the said James Knudson make said declarations."

These objections were carried over in the motion for new trial, and the four affidavits in support thereof are to the effect that on the night of the 29th of November, 1928, the juror James Knudson was in attendance at a

dance at Brandes Hall in the city of Hastings, Nebraska; that James Knudson was then talking to other persons about the case of State of Nebraska v. Sidney A. Trobough, and that at said time the said Knudson stated that defendant Trobough was no doubt guilty; that there was not any doubt about his guilt; that the electric chair was too good for him, and that, if he was on the jury, he would send him there; that he voiced his sentiment as to guilt of defendant in very strong, loud and vehement terms, and that at said time said Knudson was talking in the presence of and with persons who were and appeared as witnesses in the case of State v. Trobough.

The court ignored the issue of fact thus tendered by the defendant; denied him permission to introduce extrinsic evidence to establish the true facts and the true attitude of mind of the juror James Knudson, and overruled all challenges to the competency of that juror, who thereafter participated in the trial as a member of the jury.

One of the rights secured by our Constitution to the accused is that of a speedy public trial by a fair and impartial jury of the county or district in which the offense is alleged to have been committed. Has such a trial been accorded the accused in the present case?

The enforcement of this right is committed, in the first instance, to the trial court. As a device provided to secure this end, we have our system of examination and impaneling of the jury. Ordinarily, incompetency of jurors is disclosed by their *voir dire* examination, but this is not necessarily always true. A cause for challenge or the matters of fact constituting the grounds sustaining such challenge may be denied by the proposed juror when in truth they exist. Such a situation calls for the application of the rule that—"If the cause of challenge is denied, a party has the right to have the issue tried and witnesses on either side may be summoned and examined as on the trial of other issues." 35 C. J. 401. "The tendency of the modern practice, however, to submit the whole question of the qualifications or compentency of the proposed jurors to the court * * * so that, while the juror may himself be

sworn as a witness to prove the cause of challenge, and may be asked any questions not tending to degrade or incriminate him, the cause of challenge may be established by any other competent testimony, * * * and the parties have a right to contradict the testimony of the juror by that of other witnesses. On a challenge to the favor any fact or circumstance from which bias or prejudice may justly be inferred is admissible as evidence. The matter is regulated by statute in some states." 35 C. J. 400.

Section 10135, Comp. St. 1922, provides as follows: "All challenges for cause shall be tried by the court, on the oath of the person challenged, or on other evidence, and such challenge shall be made before the jury is sworn, and not afterward." In view of the terms of the above pronouncement it would seem the right to introduce extrinsic evidence to show the actual attitude of mind of a person tendered as a juror should be granted. The statute quoted is in fact a legislative recognition of the rule announced in 35 C. J. 400, 401.

The danger to be apprehended, and which the above statutory provision was evidently intended to guard against, has been recognized by our court, as may be seen in the language of Reese, C. J., in *Thurman v. State*, 27 Neb. 628, as follows: "No provision is made by law or the Constitution for any other challenges or objections to the jurors than those named. Jurors might then be called who, to the knowledge of the accused, were prejudiced against him and even might deny prejudice or bias or the formation of opinion (as the writer has seen done) for the express purpose of being retained upon the jury in order that a conviction might be secured. Could it be said that the constitutional provisions, that an accused should have a fair and impartial trial, had been complied with? Most certainly not." This conclusion is borne out by the pronouncements of other jurisdictions. In *People v. Evans* (72 Mich. 367) 40 N. W. 473, the rule is laid down: "After a juror has denied on his *voir dire* that he has said he believed respondent to be guilty, it may be shown by other witnesses that the juror had made such statement."

See, also, in support of this principle *State v. Cleary,* 40 Kan. 287; *United States v. Christensen,* 7 Utah, 26.

On this issue of fact the defendant was entitled to introduce and have received extrinsic evidence which, had it been received, would plainly have disclosed the incompetency of the juror in question. It follows, therefore, that the court erred in denying the right to the defendant to produce extrinsic evidence to sustain the challenge and support the issue of fact created thereby. In this connection it is to be noted that the issue of fact presented is the competency of the witness, and that the impeachment of the witness is not necessarily involved, and therefore the limitations imposed on impeaching questions as to foundation as to time, place, presence and substance of statement have no application.

Exceptions are also presented by the defendant to the failure of the court to instruct on the subject of "motive," an instruction covering that subject having been tendered by the defendant. It cannot be gainsaid that in the prosecution of crime evidence to establish a motive is competent, and if otherwise unobjectionable will be received for the consideration of the jury. It must also be conceded that evidence tending to establish the nonexistence of motive is likewise competent and is proper for the consideration of the jury. Indeed, the question of presence or absence of motive is often one of the most important factors in proceedings involving the prosecution of crime where the state is seeking to convict by circumstantial evidence. The importance of motive, therefore, suggests the necessity of proper instructions to the jury concerning the same, and while absence of all evidence of motive in a case may be conceded to be circumstances favorable to the defendant, still it is not the province of the court to instruct the jury of the weight or bearing to be given to any particular circumstance; yet this court is committed to the doctrine that the defendant is entitled to an instruction on the subject of motive, at least to the extent that the absence of all evidence of motive is a circumstance that should be considered by the jury in connection with all

other facts and circumstances in determining the guilt or innocence of the accused. It is thought an instruction on the subject of motive should have been given by the district court in the present case.

Prejudicial error appearing in the record, the conviction cannot be permitted to stand. The judgment is reversed and the cause remanded for further proceedings.

REVERSED.