LORETTA TEMPLETON *vs.* RALPH A. BATEMAN, *City Treasurer, et al.*

APRIL 14, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action of trespass on the case for negligence joining therein as defendants Ralph A. Bateman, city treasurer of the city of Warwick, the members of the school committee, and Gilbert A. Howard, the operator of a school bus which collided with a motor vehicle in which the plaintiff was riding as a guest passenger. The case was tried before a superior court justice sitting with a jury and at the conclusion of the testimony he granted defendants' motion for a directed verdict as to all defendants except Gilbert A. Howard. Thereafter the jury returned a verdict for him. The case is now before us on the plaintiff's bill of exceptions. In her bill she sets forth eight exceptions. However, only those to the denial of her motion for a new trial and to the refusal of the trial justice to charge as requested have been briefed and argued. All other exceptions are deemed to be waived.

It appears from the evidence that Howard, a police officer in the city of Warwick, was the operator of a city-owned school bus which in the afternoon of May 12, 1955 was proceeding easterly along Strawberry Field Road; that there were approximately twenty children in the bus who were returning to their homes; that plaintiff was a passenger in a car operated by her son which was following the bus; that it was a part of defendant Howard's regular run to travel on said highway to Evans street where he was required to make a left turn; and that on the day in question while making such turn the bus collided with the car

in which plaintiff was riding. It is undisputed that plaintiff suffered injuries.

The plaintiff contends that the trial justice erred in denying her motion for a new trial on the ground that he misconceived certain portions of the testimony bearing on the issue of defendant Howard's negligence. She argues it is uncontradicted that when said defendant was told the operator of the automobile had sounded his horn twice as he started to pass the bus, he replied if the horn had been blown he was unable to hear it above the noise of the children. She therefore contends that his response was an admission of negligence.

Whether the failure of the operator to successfully restrain his charges constitutes negligence in all the circumstances was a question of fact and, as such, was strictly within the province of the jury. It is not unreasonable to understand that the operator of a school bus returning a group of children to their homes at the close of a school day would experience some difficulty in controlling the normal, uninhibited conversation and laughter of his passengers, and the jury may have so decided. We find no merit in this contention.

The plaintiff concedes in her brief that there is a conflict of evidence on the issue of whether the directional lights of the bus were on before the driver made the turn, and this was also a question of fact for the jury. Consequently she relies strongly on what she refers to as defendant Howard's admission "that he did not look before he started to make the turn to his left into Evans Street to see if there was any other automobile travelling alongside the bus to pass it." She further contends "that defendant by his own testimony has established the fact that his omission to take the precaution before starting to make the left turn to see if there was any other automobile travelling alongside him for the purpose of passing the bus was guilty of carelessness and negligence in the operator of the bus."

This argument rests on plaintiff's interpretation of the following testimony during the cross-examination of defendant Howard:

"Q. Well, you just said you answered your attorney, 'Before I started making the turn I looked in the rear-view mirror.' You also answered—answered in the affirmative that you made this statement to Lieutenant Lynch: 'When I started to make the turn, I looked in the rear-view mirror.'

"A. Well, part of starting to make the turn, for a bus driver, is looking into the rear-view mirror.

"Q. Well, you didn't look in your mirror until you started, according to your statement with Lieutenant Lynch—started to make your turn.

"A. Again I don't understand your question. I'm sorry.

"Q. You admit you made this statement to Lieutenant Lynch: 'When I started to make the turn, I looked in the rear-view mirror'.

"A. Yes, Sir, I made that statement.

"Q. So is that when you—when you looked in the rear-view mirror, when you started to make the turn?

"A. Yes, Sir.

"Q. That's correct, isn't it?

"A. Yes, Sir.

"Q. Then it is incorrect, then, when you state, 'I looked in the rear-view mirror before I started to make that turn'?

"A. As such, it is incorrect."

We are unable to agree with plaintiff that in giving this testimony defendant Howard admitted he had neglected to look in his side rear-view mirror prior to making the turn. He clarified what appears to be inconsistent statements by his explanation, "Well, part of starting to make the turn, for a bus driver, is looking into the rear-view mirror." We perceive, and it is not unreasonable to presume that the jury did likewise, that he distinguishes between "starting to make the turn" and the physical act of turning the wheel.

The act of "starting to make the turn," in his mind, includes first directing his eyes to the appropriate mirror and then, if safety permits, directing his hands to the turn of the wheel. If we think of "starting" as synonymous with "preparing" his consistency becomes clear.

We have reviewed the entire record and are of the opinion that on the issue of defendant Howard's negligence the relevant evidence in all particulars is either favorable to him or conflicting. The trial justice in passing on plaintiff's motion for a new trial rendered a lengthy decision. He noted that the motion was made on the usual grounds that the verdict was against the law, the evidence and the weight thereof, and that it failed to do substantial justice between the parties. His decision discloses that he found the jury to have followed his instructions; that he passed his independent judgment on the weight of the evidence and the credibility of the witnesses; and that he determined the verdict did substantial justice between the parties. The plaintiff's exception to the denial of her motion for a new trial is overruled.

The remaining exception is to the failure of the trial justice to charge as set forth in each of nine requests of plaintiff, all relating to the well-established principle that the negligence, if any, of the operator of the motor vehicle in which she was a passenger cannot be imputed to her in this action. She cites several eminent authorities in support of this contention but they are of no avail to her.

It is well settled in this jurisdiction that the plaintiff was not entitled to have the trial justice charge in the specific language of her requests. *McCusker* v. *Mitchell,* 20 R. I. 13. It is only necessary that the charge as given on the issue in question was sufficiently clear and comprehensive as to be understood by the jury. *Marks* v. *General Ins. Co. of America,* 81 R. I. 75.

We have reviewed the charge of the trial justice in the instant case and are of the opinion that it was clear to the

jury therefrom that the plaintiff was not responsible for any act of negligence which the jury might have thought was committed by the operator of the car in which she was riding and that her son's negligence, if any, would not be available as a defense to defendant Howard.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdicts.

*Robert R. Afflick, Francis I. McCanna,* for plaintiff.

*Ralph T. Lewis, Jr.,* City Solicitor, *Boss, Conlan, Keenan, Bulman & Rice, James C. Bulman,* for defendants.