635 P.2d 1213

STATE of Arizona, Appellee,

v.

Kenneth Robert FRANKLIN and Leonard George Malatare, Appellants.

No. 5232.

Supreme Court of Arizona,
En Banc.

Oct. 22, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, and Michael D. Jones, Asst. Attys. Gen., Phoenix, for appellee.

Jose A. De La Vara, Yuma, for appellants.

HAYS, Justice.

Appellants, Kenneth Robert Franklin and Leonard George Malatare, were charged with and indicted for the crime of armed robbery, A.R.S. § 13–1904. After a trial by jury, Malatare was found guilty of theft and was sentenced to three months in the Yuma County Jail. Franklin was found guilty of robbery and received a three-year suspended sentence. As a condition of probation, Franklin was required to serve a period of seven months in the Yuma County Jail. Both jail terms commenced on March 18, 1980. We take jurisdiction of this appeal pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

The primary question presented is whether the trial court erred when it denied appellants' motions for judgment of acquittal on the charge of armed robbery.

The pertinent facts are as follows. On March 18, 1980, appellant Franklin entered Joe Hands' Liquor Store in Yuma, Arizona, and approached the clerk, Betty Taylor.

Taylor asked if she could help him, and Franklin answered by stating "I don't want to shake you up—this is a holdup." Taylor responded by saying "You're kidding" at which point Franklin said "No, I'm not," and made a motion inside his coat pocket as if he had a gun. Taylor testified, however, that she never saw a gun in Franklin's hand nor did Franklin say he had a gun or make any verbal threats concerning the use of a gun. While these events were occurring, Malatare was standing at the entrance of the liquor store. After Taylor gave Franklin approximately $70, appellants left the store and drove away in Franklin's vehicle. As the two left, they were observed by William Farrell. Farrell's suspicions were aroused when appellants' vehicle ran a red light. Farrell followed the vehicle and obtained its license plate number which he reported to the Yuma Police Department along with a description of the vehicle. Farrell testified he did not see either of the two men carrying anything in their hands.

The appellants were apprehended and arrested a short time later by an Arizona Department of Public Safety Highway Patrolman. Subsequent searches of the appellants and the vehicle failed to produce any weapons.

Both appellants testified. Franklin did not deny committing the robbery but did deny that he used a weapon or had a gun in his pocket at the time of the robbery. He also denied making any gestures which were intended to give the impression that he had a weapon in his coat pocket. Malatare testified that he did not have a gun nor did he see Franklin with one.

At the end of the State's case, appellants moved for a judgment of acquittal based on the lack of substantial evidence to warrant a conviction for the crime of armed robbery on which appellants were indicted. The trial court denied this motion, stating that a reasonable person would have believed that Franklin had a gun in his pocket. Appellants renewed this motion after the State and appellants rested their cases. The trial court again denied the motion. Appellants maintain the trial court erred in denying these motions and that the denials constituted reversible error.

■ A judgment of acquittal prior to verdict is appropriate only where there is no substantial evidence to warrant a conviction. 17 A.R.S. Rules of Criminal Procedure, rule 20(a); *State v. Jones*, 125 Ariz. 417, 610 P.2d 51 (1980). In *State v. Jones, supra*, we said, " '[s]ubstantial evidence' is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." (citations omitted). *Id.* at 419, 610 P.2d at 53.

In order to establish guilt for the crime of armed robbery, the facts must show that the defendant or accomplice was armed with a deadly weapon or dangerous instrument in the course of committing the robbery. A.R.S. § 13–1904(A). "Deadly weapon" is defined as "anything designed for lethal use," A.R.S. § 13–105(9), and "dangerous instrument" is defined as "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13–105(7).

■ In *State v. Laughter*, 128 Ariz. 264, 625 P.2d 327 (App.1981), the Court of Appeals stated that the crime of armed robbery as defined in A.R.S. § 13–1904(A) "is not satisfied by the defendant pretending to have a gun or even using a fake gun." *Id.* at 267, 625 P.2d at 330. The court went on to observe that the victim's belief that a weapon is present, even if justified by an objective standard, is insufficient to establish guilt. *See also State v. Moore*, 126 Ariz. 251, 614 P.2d 332 (App.1980). We believe this to be a correct interpretation of the statute.

Arizona's robbery statutes are broken down into three categories with the most severe punishment prescribed for armed robbery because the presence or threatened use of a weapon reflects "a premeditated readiness for violence and possible injury or death." Gerber, *Criminal Law of Arizona*, 275 (1978). However, where no weapon is actually present and the robber merely simulates the presence of a weapon by gesturing with a hand in the pocket, the rationale behind the greater punishment for armed

robbery no longer exists. Put another way, "[t]he robber with the . . . toy gun [or with the hand in the pocket simulating a gun] is not nice . . . but he is not the dangerous type for whom the greater penalty is reserved." LaFave and Scott, *Handbook On Criminal Law*, § 94, 703 n.67 (1972).[1]

Examined in this light, the trial court's stated reason for denying the motion for judgment of acquittal was clearly erroneous. The State argues, however, that Taylor's observation of what appeared to be a gun in Franklin's coat pocket was sufficient evidence of an "article" to give rise to the presumption contained in A.R.S. § 13–1904(B) which provides:

> B. For the purposes of this chapter, *exhibition* in the course of committing armed robbery of an article fashioned or used in a manner to lead any reasonable person to believe it to be deadly or dangerous is presumed evidence of its deadly or dangerous character. (emphasis added).

This presumption, the State contends, coupled with Taylor's testimony that Franklin appeared to have a gun inside his coat pocket which he pointed at her in a threatening manner, was substantial evidence indicating appellants' guilt of armed robbery. We do not agree.

■ As was pointed out by the Court of Appeals in *State v. Moore, supra*, 126 Ariz. at 254–55, 614 P.2d at 334–35, the purpose of the presumption created by § 13–1904(B) is to aid the State in establishing a weapon was not fake in cases where the robber claims he brandished an unworkable or simulated weapon during the commission of the robbery.[2] In the present case Taylor never saw a weapon, fake or otherwise, nor did Franklin tell her he had one at the time of the offense. These facts were insufficient to raise the presumption.

■ Based upon these facts, we hold that the evidence was insufficient to support the charge of armed robbery and the trial court erred when it denied appellants' motions for acquittal. Having concluded that the trial court erred, we must next decide whether the error was so prejudicial as to require reversal.

The State argues that even assuming that the trial court did err in denying appellants' motions, the error was harmless beyond a reasonable doubt since neither appellant was convicted of armed robbery, but rather of the lesser included offenses of theft and robbery. We consider this to be a close question but must resolve the issue against appellants.

When a crime is divided into degrees and the evidence is insufficient to convict of the higher degree charged, the courts appear to split on the issue of whether it is harmless error to submit to the jury the question of guilt of the higher degree when the conviction is only for a lower degree. Some courts hold that the finding of guilt on the lesser offense renders any error harmless. *See State v. Graham*, 35 N.C.App. 700, 242 S.E.2d 512 (1978); *State v. Reyes*, 209 Or. 595, 308 P.2d 182 (1957); 75 Am.Jur.2d, *Trial*, § 420 (1974). We have also intimated as much. *See State v. Madden*, 104 Ariz. 111, 449 P.2d 39 (1969); *Viliborghi v. State*, 45 Ariz. 275, 43 P.2d 210 (1935). Other courts hold this to be reversible error, expressing the concern that the jury may have reached a compromise verdict, *see State v. Christener*, 71 N.J. 55, 362 A.2d 1153 (1976) (and cases cited therein), while others have equivocated on the question. *See Evans v. State*, 28 Md.App. 640, 655, 349 A.2d 300, 312 (1975).

■ In the present case, however, we believe the error to be harmless beyond a

---

1. Also persuasive is the fact that the legislature did not adopt the Criminal Code Commission's recommendation that robbery be aggravated when the person committing the robbery "represents by word or gesture that he or she or an accomplice is armed with a deadly weapon or dangerous instrument." Arizona Criminal Code Commission, *Proposed Arizona Revised Criminal Code*, 186 (1975); *see also State v. Laughter, supra*, 128 Ariz. at 268 n.5, 625 P.2d at 331 n.5.

2. The term "exhibition" is not defined in the code; thus, we must construe the term in such a way as to give it a fair meaning. A.R.S. § 13–104. Webster's Third New International Dictionary defines "exhibition" as "an act or instance of showing, evincing, or showing off . . ." Therefore, it would appear that an *actual display* of the unworkable or simulated weapon is necessary to invoke the presumption.

reasonable doubt. While we recognize the dangers inherent in the possibilities of the jury reaching a compromise verdict, we do not believe the mere possibility that a compromise verdict was rendered should entitle a defendant to automatic reversal where the facts adduced at trial clearly support the conviction for the lesser offense. Here, Franklin did not deny committing the robbery. His testimony essentially agreed with Taylor's account of the incident except for the details regarding the possible presence of a gun. Under these circumstances, we agree with the Supreme Court of Oregon when it stated, "We think a showing of prejudice should be apparent before a court should deviate from the rule in a given case. Here, it is clear that defendant was not prejudiced. His testimony was sufficient to have sustained the verdict." *State v. English*, 233 Or. 500, 504, 378 P.2d 997, 998 (1963).

The appellants' judgments of conviction and sentences are affirmed.

STRUCKMEYER, C.J., HOLOHAN, V.C.J., and CAMERON and GORDON, JJ., concur.