719 P.2d 1085

**The STATE of Arizona, Appellee,**

v.

**Kenneth Duane VAN WINKLE, Appellant.**

**No. 2 CA–CR 4067.**

Court of Appeals of Arizona, Division 2, Department B.

April 2, 1986.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Law offices of Dunscomb & Shepherd, P.C. by Denice R. Shepherd, Tucson, for appellent.

PER CURIAM.

Appellant was charged by indictment with third-degree burglary, a class 5 felony, and child abuse, a class 3 felony. The charges arose from an incident which occurred on August 15, 1984. Appellant was pursued by a grocery store employee when he attempted to leave the store without paying for a carton of cigarettes. At the time, appellant was carrying his 11-month-old daughter. He ran from the store and threw the child into the front seat of the car before he was detained. The child suffered facial bruises and swelling and was treated by paramedics at the crime scene. Appellant was tried in absentia, having failed to maintain contact with pretrial services or with his attorney. A jury found appellant guilty of third-degree burglary, a class 5 felony, and the class 5 felony child abuse. The jury found allegations of two prior felony convictions to be true. Entry of judgment and imposition of sentence were continued by court order subject to appellant's apprehension. On July 17, 1985, the court sentenced appellant to two mitigated, concurrent prison terms of four years. On the burglary conviction, the court found as a mitigating circumstance that "the amount involved was a very, very small amount, and it was a—more in the line of a shoplifting." With regard to the child abuse conviction, the court found that "the injury that was caused to the child was not intentional and it was caused in a period of panic."

Counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), and appellant has not filed a supplemental brief. Counsel raises two arguable issues: 1) whether there was sufficient evidence to convict appellant of child abuse, a class 5 felony; and 2) whether the court erred in sentencing appellant.

Appellant's trial counsel moved for a directed verdict of acquittal as to the child abuse charge, arguing that the state presented insufficient evidence to support a conviction. See Rule 20, Rules of Criminal Procedure, 17 A.R.S. (Supp.1985). Rule 20 provides that the court shall enter a judgment of acquittal if there is no substantial evidence to warrant a conviction. Substantial evidence is evidence that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980). The trial court has a duty to deny a motion for judgment of acquittal if the evidence is of such substance that a jury could determine that a crime was committed. Rule 20, Rules of Criminal Procedure,

17 A.R.S. (Supp.1985); *State v. Mosley*, 119 Ariz. 393, 581 P.2d 238 (1978). The trial court instructed the jury regarding class 3 child abuse and the class 4, class 5, and class 6 lesser-included offenses. The statute pertinent to appellant's conviction provides:

A. 2. "Physical injury" means the impairment of physical condition and includes ... any skin bruising ... soft tissue swelling, ... or any physical condition which imperils a child's health or welfare.

\* \* \* \* \* \*

C. Under circumstances other than those likely to produce death or serious physical injury to a child, any person who ..., having the care or custody of such child, causes or permits the person or health of such child to be injured or causes or permits such child to be placed in a situation where its person or health is endangered is guilty of an offense as follows:

\* \* \* \* \* \*

2. If done recklessly, the offense is a class 5 felony.

A.R.S. § 13–3623.

■ Appellant was originally charged with a class 3 felony, which requires recklessness under circumstances likely to produce death or serious physical injury. Assuming for purposes of argument that the child was not seriously injured, as appellant claims, the court's denial of the Rule 20 motion as to the original charge constitutes error which is harmless beyond a reasonable doubt. Our supreme court has held that where crimes are divided into degrees and the evidence is insufficient to convict of the higher degree charged, it is error for the trial court to deny a motion for acquittal as to the higher offense. *State v. Franklin*, 130 Ariz. 291, 293–294, 635 P.2d 1213, 1215–1216 (1981). Where the facts adduced at trial, however, clearly support the verdict, the mere possibility of a compromise verdict is not alone a sufficient ground for reversal. *State v. Just*, 138 Ariz. 534, 675 P.2d 1353 (App.1983). In this case, appellant does not assert any prejudice flowing from the denial of his Rule 20 motion for judgment of acquittal nor do we find any prejudice in the record. Assuming that the trial court erroneously denied the motion as to class 3 felony child abuse, we would find that error to be harmless beyond a reasonable doubt. *State v. Franklin*, supra; *State v. Just*, supra. The evidence to support submission to the jury on the lesser-included offenses of child abuse, class 4, 5, and 6 felonies, was ample and in fact was very strong.

■ Appellant's prior felony convictions were a 1973 conviction for unlawful possession of marijuana and a 1978 conviction for unlawful possession of heroin. The trial court considered those two prior convictions to enhance appellant's sentences. In the sentencing order, the court cited A.R.S. §§ 13–604(A), (B), (C), and (D) as authority for the enhanced sentences. Counsel for appellant argues correctly that not all those subsections apply. The relevant provision is A.R.S. § 13–604(C), which provides that an adult convicted of a class 5 felony "who has been previously convicted of two or more felonies" shall receive a prison sentence at least twice the sentence authorized by A.R.S. § 13–701 and shall serve at least two-thirds of that sentence before being eligible for release status. Appellant argues that the 1973 marijuana conviction was not within 10 years next preceding the date of the present offense and may not be used for enhancement purposes. While A.R.S. § 13–604(A) places a 10-year limitation on single prior felony conviction enhancement, subsection (C), which applies to this case, contains no such limiting language. We agree with the statutory construction applied by the sentencing judge that the ten-year limitation does not apply to enhancement under A.R.S. § 13–604(C). We find that appellant's sentences were properly enhanced under that subsection.

Our review of the record pursuant to A.R.S. § 13–4035 reveals no fundamental error. The judgments of conviction and the sentences imposed are affirmed.