NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY LANDON MEYER, *Appellant.*

No. 1 CA-CR 14-0837
FILED 12-17-2015

Appeal from the Superior Court in Maricopa County
No. CR 2014-102892-001
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

The Law Office of Kyle T. Green, PLLC, Mesa
By Kyle T. Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1        Jeffrey Landon Meyer appeals from his conviction for endangerment. Meyer argues the evidence was insufficient to support the conviction and that the superior court erred by denying his motion to preclude two witnesses and his motion to dismiss. Because Meyer has shown no error, his conviction is affirmed.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2        Meyer was indicted on one count of endangerment with a substantial risk of imminent death, a Class 6 dangerous felony. The charge arose from a "road rage" incident in which Meyer was alleged to have rammed his vehicle into the rear of the victim's vehicle several times while stopped at a red light. After a five day trial, the jury found Meyer guilty of the lesser included offense of endangerment with a substantial risk of imminent physical injury, a Class 1 misdemeanor. The superior court placed Meyer on unsupervised probation for six months. This court has jurisdiction over Meyer's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and -4033(A) (2015).[2]

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

### I.       Sufficient Evidence Supports Meyer's Conviction.

¶3          Meyer argues there was no physical evidence that the victim was facing imminent death as a result of his actions. Insufficient evidence claims are reviewed de novo, viewing the evidence in the light most favorable to sustaining the verdict. *State v. Bible*, 175 Ariz. 549, 595 (1993). In considering such a claim, this court's review is limited to whether substantial evidence supports the verdict. *State v. Scott*, 177 Ariz. 131, 138 (1993). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290 (1996).

¶4          Endangerment requires proof of "recklessly endangering another person with a substantial risk of imminent death or physical injury." A.R.S. § 13-1201(A). Endangerment is a Class 6 felony when it "involv[es] a substantial risk of imminent death . . . . In all other cases, it is a class 1 misdemeanor." A.R.S. § 13–1201(B). As applied, the jury did not find Meyer guilty of felony endangerment, instead finding him guilty of the lesser offense of endangering the victim with a substantial risk of imminent physical injury. Thus, any error in submitting the greater offense to the jury would be harmless beyond a reasonable doubt. *See State v. Van Winkle*, 149 Ariz. 469, 471 (App. 1986).

¶5          As for the lesser offense on which Meyer was convicted, the victim testified Meyer rammed his vehicle repeatedly into the rear of the victim's vehicle, causing injury to the victim's neck. Much of this testimony was corroborated by two other witnesses who observed the incident. Based on this evidence, the jury could reasonably find that Meyer's actions recklessly placed the victim in substantial risk of imminent physical injury. *See State v. Williams*, 111 Ariz. 175, 177–78 (1974) (holding uncorroborated testimony by victim is sufficient to establish proof beyond a reasonable doubt unless the account is physically impossible or so incredible that no reasonable person would believe it). Thus, there was substantial evidence presented at trial to support the conviction for misdemeanor endangerment.

### II.      Meyer Has Not Shown The Superior Court Erred In Denying His Motion To Preclude Witnesses.

¶6          The State presented testimony at trial from two occupants of another vehicle who saw the incident. Meyer's counsel worked with the State to schedule pre-trial interviews of these witnesses, but on multiple

occasions the witnesses failed to appear for the interviews. The day before trial, Meyer moved to preclude the witnesses from testifying as a sanction. *See* Ariz. R. Crim. P. 15.7(a)(1). The superior court denied the motion and instead arranged to have the witnesses interviewed by defense counsel before they testified and also precluded the State from using a photograph taken by one of the witnesses in its case-in-chief. Meyer argues the court erred in denying his motion, an issue this court reviews for an abuse of discretion. *State v. Connor*, 215 Ariz. 553, 557 ¶ 6 (App. 2007).

**¶7**        Because the Arizona Rules of Criminal Procedure are designed to implement, not impede, the fair and speedy determination of cases, preclusion is rarely an appropriate sanction. *State v. Smith*, 140 Ariz. 355, 359 (1984). Given that Meyer never sought an order requiring the witnesses to appear for an interview as provided by Arizona Rule of Criminal Procedure 15.3(a)(2), and because Meyer's inability to interview the witnesses was through no fault of the State, there was no abuse of discretion in denying the motion to preclude. *See State v. Paxton*, 186 Ariz. 580, 588 (App. 1996).

**III.    Meyer Has Not Shown The Superior Court Erred By Denying His Motion To Dismiss.**

**¶8**        Meyer argues the superior court erred by denying his motion to dismiss the charge based on destruction of photographic evidence by a police officer, resulting in a denial of his due process rights. In deciding against dismissal, the court determined that a *Willits* instruction was sufficient under the circumstances. *See State v. Willits*, 96 Ariz. 184, 191 (1964). This court reviews claims of denial of due process de novo. *State v. McGill*, 213 Ariz. 147, 159 ¶ 53 (2006).

**¶9**        At issue are photographs emailed to a patrol officer by a witness who took pictures of the vehicles with his cell phone during and immediately after the incident**.** The patrol officer forwarded the email with the photographs to the violent crimes bureau and printed hard copies for use by neighborhood enforcement team officers tasked with the follow-up investigation. The patrol officer did not keep copies of the photographs and deleted the email he received from his computer. The patrol officer does not know what the other officers to whom he forwarded the email and the printed copies of the photographs did with them, but it is undisputed that they were not preserved by the police.

¶10        The witness who emailed the photographs to the patrol officer later located one of the photographs in an online account before testifying at trial and a printout of that photograph was admitted at trial. The witness testified that the three missing photographs were all similar in character to the one admitted and described what each photograph depicted.

¶11        Due process requires the State to preserve evidence of "constitutional materiality." *State v. Dunlap*, 187 Ariz. 441, 452 (App. 1996); *see also State v. Walters*, 155 Ariz. 548, 551 (App. 1987) (noting State has duty to preserve potentially exculpatory evidence "that is obvious, material and reasonably within its grasp"). Where the State fails to preserve such evidence, due process may require dismissal of the case if the defendant can show either that the State acted in bad faith in destroying or losing the evidence, or that the defendant suffered prejudice-in-fact because the lost evidence was exculpatory. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (*Youngblood I*); *State v. Youngblood*, 173 Ariz. 502, 507 (1993) (*Youngblood II*).

¶12        Here, there was no showing that the State acted in bad faith in destroying or losing the photographs. Meyer points to the fact that the officer deleted the email with the photographs in arguing there was deliberate destruction of evidence. Before deleting the email from his computer, however, the officer forwarded both digital and printed copies of the photographs to other officers responsible for the follow-up investigation. Thus, there was no destruction of evidence by the officer, merely deletion of one copy of the photographs after forwarding them to other officers. Although the record does not show what happened to the copies of the photographs forwarded to the other officers, there is no evidence that they were deliberately destroyed to gain some tactical advantage against Meyer as opposed to being lost or otherwise discarded negligently. Moreover, there is nothing indicating that the missing photographs had any exculpatory value. *See Dunlap*, 187 Ariz. at 452 (presence of bad faith turns on "the police's knowledge of the exculpatory value of the evidence"). Indeed, testimony by the witness who took the photographs regarding what he observed while taking them served only to support the charge against Meyer.

¶13        Even giving Meyer the benefit of the doubt that the missing photographs *might* have been exculpatory, because the record does not establish that the State acted in bad faith in failing to preserve the missing photographs, due process does not require dismissal of the prosecution on this basis. *See Youngblood I*, 488 U.S. at 58 ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially

useful evidence does not constitute a denial of due process of law."). Instead, giving a *Willits* instruction, which permits the jury to draw an adverse inference from lost or missing evidence, is sufficient to preclude the State from taking advantage of its conduct in destroying or losing evidence that might have had some possible tendency to exonerate Meyer. *See Youngblood II*, 173 Ariz. at 507 ("[W]here there is no bad faith it is fundamentally unfair to bar the state from our courts. The inference that the evidence may be exculpatory is not strong enough to dismiss the case. It is enough to let the jury decide whether to draw such an inference."). Because the superior court gave the jury a *Willits* instruction, Meyer's right to due process was adequately protected. Accordingly, Meyer has shown no error by the superior court in denying the motion to dismiss.

## CONCLUSION

¶14        Because he has shown no error, Meyer's conviction is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama